UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALABA RUFAI<br><br>Plaintiff,<br><br>v.<br><br>THE CITY OF NEW YORK et al,<br><br>Defendants. | **MEMORANDUM AND ORDER**<br><br>25-cv-00827 (LDH) (LKE) |

LASHANN DEARCY HALL, United States District Judge:

Alaba Rufai ("Plaintiff"), proceeding *pro se*, bring this instant action against Defendants the City of New York ("City"), New York City Department of Buildings ("DOB"), New York City Department of Housing Preservation and Development ("HPD"), New York City Department of Finance ("DOF"), HSBC Bank USA. N.A., and Anice Rochelin (collectively, "Defendants"), pursuant to 42 U.S.C. §1983 alleging violations his "rights, privileges and immunities as secured by the Constitution and laws or the United States and the State of New York." Plaintiff challenges the validity and outcome of several administrative proceedings regarding Plaintiff's rental property. The claims against Defendant HSBC Bank USA. N.A. were dismissed on March 11, 2026. (Stipulation of Dismissal, ECF No. 33.) The remaining Defendants move, pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss the Complaint. (Mem. Law Supp. Def.'s Mot. Dismiss ("Def. Mem."), ECF No. 31.)

**BACKGROUND**[1]

Plaintiff is the owner of real property located at 106-26 Guy R. Brewer Blvd., Jamaica NY 11433 (the "property"). (Compl. ¶ 6.) At the time of purchase, the property was permitted to be used, and was being used, as a four-family dwelling with four separate apartments. (*Id*. ¶ 14.) On April 15, 2024, Defendant DOB obtained access to the property to conduct an inspection following repeated complaints regarding the condition of the property. (*Id*. ¶ 16.) Following this inspection, Defendant DOB served Plaintiff five violation notices and a vacate order alleging that the property was illegally converted from a two-family to a five-family home and that work on the property was performed without a permit. (*Id*. ¶¶ 17, 18.) Due to the vacate order, the tenants of the property's four units were removed and offered relocation services, which Plaintiff was held liable for via additional charges on his property tax bill. (*Id*. ¶¶ 23-25.) Plaintiff challenged the violation notices in a hearing before the New York City Office of Administrative Trials and Hearings ("OATH") on November 20, 2024. (*Id*. ¶ 27.) The five violations were dismissed after Plaintiff produced evidence that the non-permitted work occurred before he purchased the property. (*Id*. ¶¶ 35, 38.) On November 29, 2024, upon dismissal of the violation notices, Plaintiff requested a rescission of the vacate order and was informed by Defendant DOB that he must first "obtain all the necessary permits to correct violating conditions prior to reinspection of a vacate order." (*Id*. ¶ 38.) Plaintiff filed suit after receiving the above response. (*Id*. ¶¶ 39-44.)

[1] The following facts are taken from the Complaint and accepted as true for the purposes of addressing Defendants' instant motion.

## STANDARD OR REVIEW

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. U.S.*, 201 F.3d 110, 113 (2d Cir. 2000) (citing Fed. R. Civ. P. 12(b)(1)). The plaintiff bears the burden of establishing beyond a preponderance of the evidence that subject-matter jurisdiction exists. *Id*. (citation omitted). "In reviewing a Rule 12(b)(1) motion to dismiss, the court 'must accept as true all material factual allegations in the complaint, but [the court is] not to draw inferences from the complaint favorable to plaintiff[ ].'" *Tiraco v. New York State Bd. of Elections*, 963 F. Supp. 2d 184, 190 (E.D.N.Y. 2013) (quoting *J.S. ex rel. N.S. v. Attica Cent. Sch.*, 386 F.3d 107, 110 (2d Cir. 2004)). Further, "[i]n resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district court . . . may refer to evidence outside the pleadings." *Makarova*, 201 F.3d at 113 (citation omitted).

## DISCUSSION

Defendants argue that Plaintiff's claims must be dismissed because an Article 78 proceeding is the right avenue to challenge the propriety of the administrative determinations made by a state or city agency. (Defs.' Mem. at 4-7.) The Court agrees. It is well established that:

> 'Article 78 provides a specific and exclusive remedy where a question raised by a party goes to whether a determination was made in violation of lawful procedure, was affected by error of law or was arbitrary or capricious or an abuse of discretion, including abuse of discretion as to the measure or mode of penalty or discipline imposed.'

*McGregor v. Suffolk Cnty*., No. 23-1130, 2025 WL 3704289, at *6 (E.D.N.Y. Dec. 22, 2025) (quoting *Bldg. Indus. Elec. Contractors Ass'n v. City of New York,* No. 10-CV-8002, 2011 WL 3427138, at *14 (S.D.N.Y. Aug. 5, 2011), *aff'd*, 678 F.3d 184 (2d Cir. 2012)). An Article 78

proceeding before a New York State Supreme Court is the "proper vehicle" to challenge "whether the law has been lawfully applied, or the validity of certain government acts pursuant to a valid statute." *Id.* (citing *Jones-Bey v. Stanislov*, No. 23-CV-5599, 2024 WL 3520636, at *3 (S.D.N.Y. July 23, 2024)). Here, the core of Plaintiff's claims challenge the basis and validity of the vacate order issued by Defendant DOB and the agency's subsequent refusal to rescind the order after the November 2024 OATH decision. (Compl. ¶¶ 27-44.) These types of challenges to the legality of an administrative action must proceed through the Article 78 process. *See Martinez v. O'Leary*, No. 1:11-CV-1405, 2013 WL 3356983, at *4 (E.D.N.Y. July 3, 2013) ("[An] Article 78 proceeding is the proper vehicle to determine whether the law has been lawfully applied, or [whether] ... certain government acts [are valid]." (internal quotes omitted)); *see also Ascent: A Sch. for Individuals with Autism v. New York State Educ. Dep't*, No. 17-CV-6866, 2019 WL 1466901, at *3 (E.D.N.Y. Mar. 31, 2019).

The same is true when a Plaintiff raises constitutional challenges to an administrative determination. *Home Team 668 LLC v. Town of E. Hampton*, No. 20-CV-5828, 2023 WL 8237541, at *8 (E.D.N.Y. Nov. 28, 2023), report and recommendation adopted, No. 20-CV-5828, 2024 WL 1090178 (E.D.N.Y. Mar. 13, 2024), *aff'd*, No. 24-959, 2024 WL 4764000 (2d Cir. Nov. 13, 2024) ("Plaintiff's procedural due process, substantive due process, and equal protection claims here could have been asserted in the Article 78 proceedings."). Plaintiff's due process and equal protection claims could and should have been brought through an Article 78 process. *Hellenic Am. Neighborhood Action Comm. v. City of New York*, 101 F.3d 877, 881 (2d Cir. 1996) ("[C]onstitutional issues can be decided in Article 78 proceedings."); *Marvin v. Peldunas*, No. 21-1824-CV, 2022 WL 2125851, at *2 (2d Cir. June 14, 2022) ("Because [plaintiff] failed to avail himself of an Article 78 proceeding, his due process claim fails."); *See*

*also Dean v. Town of Hempstead,* 527 F. Supp. 3d 347, 429 (E.D.N.Y. 2021) ("[A]n Article 78 proceeding . . . is adequate to cure any alleged violations of due process." (citation omitted)).

In opposition, Plaintiff primarily argues that the Article 78 process does not provide the type of relief he seeks, especially equitable relief. (Pl.'s Opp'n Mot. Dismiss ¶¶ 20-25, ECF No. 27.) Not so. Equitable relief, including injunctive relief, is available through the Article 78 process. *See* N.Y. C.P.L.R. § 7806 (Article 78 proceedings may "may direct or prohibit specified action by the respondent"); *New Phone Co., Inc. v. City of New York*, No. 00CV2007, 2006 WL 8434999, at *16 (E.D.N.Y. Nov. 30, 2006), *subsequently aff'd*, 355 F. App'x 501 (2d Cir. 2009) ("Plaintiff seeks [] declaratory and injunctive relief, which relief is typically sought and granted in C.P.L.R. [A]rticle 78 proceedings." (citation omitted)). Moreover, as alleged here, where the "deprivation of a protected property and liberty interest without due process of law occurred because of a random and arbitrary act," Plaintiff's claims survive "only if New York does not provide adequate post-deprivation procedures." *Hellenic Am. Neighborhood Action Comm.*, 101 F.3d at 881. Such an adequate post-deprivation remedy exists in the Article 78 process even if Plaintiff may not be able to recover the same exact relief he could in a §1983 suit. *Id*. (citations omitted). Therefore, Plaintiff's claims cannot move forward because the Court lacks subject matter jurisdiction.[2]

[2] The Court need not reach Defendants' Rule 12(b)(6) arguments for dismissal because it agrees that it lacks subject-matter jurisdiction over the complaint.

## CONCLUSION

Plaintiff's motion to proceed *in forma pauperis* is granted. For the foregoing reasons, Defendants' motion to dismiss the Complaint is GRANTED.

SO ORDERED.

Dated: Brooklyn, New York
September 30, 2026

/s/ LDH
LASHANN DEARCY HALL
United States District Judge